# Thomas B. Rice, Plff. in Err., *v.* George T. Lewis to Use, etc.

Where the agent of the vendor agrees to terms different from those in the written agreement of sale, to induce the signing of a deed, which does not mention them, parol evidence is inadmissible to show the conditions, in an action by the vendor for arrears of ground rent.

(Decided February 1, 1886.)

Error to Common Pleas, No. 3, of Philadelphia County to review a judgment for plaintiff in an action of rent. Affirmed.

The plaintiffs were the owners of a lot of ground in the city of Philadelphia, bounded by a canal, and which was conveyed to the defendant, reserving the ground rent to George T. Lewis, for the arrears of which this suit was brought. The negotiations for the sale of the property were carried on by Joseph Ellis on

NOTE.—See note to Shoemaker v. Beaver, *ante*, 92.

In Keough v. Leslie, 92 Pa. 424, and Caley v. Philadelphia & C. County R. Co. 80 Pa. 363, it was held the contemporaneous oral agreement of the agent, which induced the signing of the agreement, was binding upon the principal who seeks to enforce the contract, though the agent acted without authority. So it has been held that advantage cannot be taken of the agreement, unless subject to the unauthorized condition made by the agent. Meyerhoff v. Daniels, 173 Pa. 555, 51 Am. St. Rep. 782, 34 Atl. 298; Wheeler & W. Mfg. Co. v. Aughey, 144 Pa. 398, 2 2Atl. 667; Jones v. National Bldg. Asso. 94 Pa. 215.

behalf of the plaintiff, Lewis, with the defendant, Thomas B. Rice, which resulted in a written agreement. According to the terms of this agreement, the defendant was to have the right of ingress and egress through the canal to the River Delaware. When the deed was presented, some months later, Rice refused to sign, because he did not believe it protected him fully in keeping open the canal. Ellis, representing that he did not desire to trouble Lewis with a second agreement, promised that the canal would be kept in condition to receive a vessel drawing 14 feet at high tide, and represented that Lewis would carry out his undertakings. By reason of these inducements the deed was signed, as well as an agreement of the same date in which Lewis agreed to put the south side of the canal, fronting on defendant's premises, in proper repair for wharfage purposes. Work was commenced in dredging the canal, but ceased, and defendant was put to large expense to haul his cargoes.

This action was brought for arrears of ground rent, and defendant offered to prove these facts. The testimony was excluded by the court and a verdict directed for the defendants.

*Henry R. Edmunds,* for plaintiff in error.—Parol evidence is admissible to show that a verbal condition was annexed to the written agreement. Greenawalt v. Kohne, 85 Pa. 369; Barclay v. Wainwright, 86 Pa. 191; Coe v. Schenkmeyer, 5 W. N. C. 252; Robinson v. Leahy, 5 W. N. C. 318; Baillie v. Kessler, 6 W. N. C. 527; Hoopes v. Beale, 90 Pa. 82; Whitney v. Shippen, 89 Pa. 22; Bailey v. Wyoming Valley Ice Co. 7 Luzerne Legal Reg. 203; Keough v. Leslie, 92 Pa. 424; Burk v. Kerr, 12 W. N. C. 191; Powelton Coal Co. v. McShain, 75 Pa. 238; Shughart v. Moore, 78 Pa. 469; Graver v. Scott, 80 Pa. 88.

It is well settled that a party may ratify even an unauthorized act of an agent by his subsequent conduct. Mitchell v. Freedley, 10 Pa. 198; Filby v. Miller, 25 Pa. 264; McCulloch v. McKee, 16 Pa. 289.

And the subsequent ratification is equivalent to a prior authority. Evans v. Mengel, 6 Watts, 72.

*James W. Paul* for defendant in error.

PER CURIAM:

We think all the parol evidence was clearly insufficient to

change or reform the written agreement. By the terms of the latter the defendant in error reserved the right, at his option, of dredging the canal, and expressed the intention of doing so and of keeping the canal open for the benefit of all the owners and occupiers of the properties fronting on or adjacent thereto. He, however, made no covenant or agreement whereby he was bound so to do. He did not personally make the alleged parol agreement, and the evidence wholly fails to show that he authorized any other person to make it. The alleged agent denies that he had any such authority.

Judgment affirmed.